COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



**ORDER ON MOTIONS**

| | |
|---|---|
| Cause number: | 01-18-01086-CV |
| Style: | In the Interest of C.B. and M.B., Children |
| Date motions filed*: | March 4 and 13, 2019 |
| Type of motions: | Letter-Motions to Stay and for Rehearing/Rehearing En Banc and |
| | Updated Letter-Motion for Rehearing/Rehearing En Banc |
| Party filing motions: | Court Reporter Cara Massey |
| Document to be filed: | N/A |

If motion to extend time:

| | |
|---|---|
| Original due date: | January 22, 2019 |
| Number of extensions granted: | 1          Current Due Date:  March 13, 2019 |
| Date Requested: | N/A (stay pending rehearing/en banc review) |

Ordered that motion is:
- ☐ Granted in part
- ☐ Denied
- ☑ Dismissed (*e.g.*, want of jurisdiction, moot)
- ☑ Other: _____

Because court reporters may only file requests to extend the time to file the reporter's record, via information sheets, the letter-motion to stay, construed as an extension request, is **dismissed as moot** because the reporter's record was filed on March 13, 2019, after payment was made.  *See* TEX. R. APP. P. 35.3(c).  Accordingly, the court reporter's letter-motions and updated letter-motions for rehearing/rehearing en banc are **dismissed** for want of jurisdiction because only "parties" have standing to file motions.  *See* TEX. R. APP. P. 3.1(a) ("*Appellant* means a party taking an appeal to an appellate court"), (c) ("*Appellee* means a party adverse to an appellant"), (g) (court reporter), 10.1(a) ("Unless these rules prescribe another form, a *party* must apply by motion for an order or other relief."), 49.1, 49.7 ("A *party* may file a motion for en banc reconsideration, with or without filing a motion for rehearing.") (emphasis added).

Judge's signature: ___/s/ Laura C. Higley_____
                         x  Acting individually        ☐  Acting for the Court
Date:  __March 19, 2019___